IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARY GRADY, individually and as the administrator of the Estate of Erin Jo Baker, and L.G., a Minor, by Zachary Grady, parent and guardian, | Civil Action—Law |
| Plaintiffs | No. |
| vs. | Judge: |
| DANIEL R. ROTHWELL and LA-Z-BOY LOGISTICS, INC., | Electronically Filed |
| Defendants | Jury Trial Demanded |

# COMPLAINT

AND NOW, comes Plaintiff Zachary Grady, individually and as administrator of the Estate of Erin Jo Baker, and Plaintiff L.G., a minor, by Zachary Grady, parent and guardian, by and through their attorney, Thomas Waffenschmidt, Esquire, and files this *Complaint* alleging as follows:

## 1. PARTIES.

1. Plaintiff Zachary Grady is an adult individual residing at 2264 Main Street, Dewart, Pennsylvania 17730.

2. On October 4, 2021, Erin Jo Baker died.

3. At the time of her death, Erin Jo Baker was an adult individual.

4. On December 10, 2021, the Register of Wills for Northumberland County, Pennsylvania granted letters of administration for the Estate of Erin Jo Baker to Zachary Grady.

5. At the time of her death, Erin Jo Baker and Zachary Grady were engaged to be married.

6. Erin Jo Baker and Zachary Grady had lived together for several years prior to her death.

7. Plaintiff L.G. is the minor daughter of Zachary Grady and Erin Jo Baker.

8. Zachary Grady and Erin Jo Baker have another minor daughter, L.G.

9. Both minor daughters reside with Zachary Grady.

10. Defendant Daniel R. Rothwell is an adult individual residing at 830 Lynn Rothwell Road, Pikeville, Tennessee 37367.

11. Defendant La-Z-Boy Logistics, Inc. is a Michigan corporation involved in the freight hauling industry.

12. Upon information and belief, Defendant La-Z-Boy Logistics, Inc. conducts business throughout the United States, including the Commonwealth of Pennsylvania.

13. Defendant La-Z-Boy Logistics, Inc.'s principal place of business is located at 145 England Drive, New Tazewell, Tennessee 37825.

2

14. At all times relevant hereto, Defendant Daniel R. Rothwell was an employee, agent, apparent agent, servant, or officer, ostensible or otherwise, of Defendant La-Z-Boy Logistics, Inc.

15. At all times relevant hereto, Defendant Daniel R. Rothwell was acting within the course and scope of his employment/agency or apparent employment/agency with Defendant La-Z-Boy Logistics, Inc.

16. At all times relevant hereto, Defendant La-Z-Boy Logistics, Inc. acted through its employees, agents, apparent agents, servants, and/or officers, ostensible or otherwise.

## 2. JURISDICTION AND VENUE.

17. Paragraphs 1 through 16, *supra*, are fully incorporated herein by reference.

18. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), by virtue of the parties' diversity-of-citizenship and because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

19. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3), because, upon information and belief, the defendants are subject to the court's personal jurisdiction.

3

## 3. FACTS.

20. Paragraphs 1 through 19, *supra*, are fully incorporated herein by reference.

21. On October 4, 2021, at approximately 1:05 a.m., Erin Jo Baker was operating her 2007 Ford Edge northbound on Interstate 81 in Rockbridge County, Virginia.

22. Zachary Grady was seated in the Edge's front passenger seat.

23. Baker and Grady's two minor daughters, L.G. and L.G., were seated in the rear of the Edge.

24. Baker was involved in a motor-vehicle crash, which caused the Edge to come to rest in the left-hand passing lane.

25. The Edge was positioned across the lane facing the right-hand travel lane.

26. Grady exited the Edge and removed the child that was seated behind him from the vehicle.

27. As he was doing this, Baker told Grady that the driver's side door was jammed and that she could not exit the vehicle.

28. Grady went around the Edge and tried to open the driver's side door, but he could not.

29. Grady returned to the passenger side of the Edge and leaned in toward Baker.

4

30. Baker had removed their other daughter from the car seat in the rear of the vehicle and handed her to Grady.

31. As Grady was trying to get Baker and his daughters out of the Edge, vehicles passed them in the right-hand travel lane.

32. The vehicles in that lane were traveling slowly, and a line started to form.

33. Grady walked with both of his daughters to the berm of the left-hand passing lane.

34. Grady and his daughters stood on the berm a few feet from the vehicle, while Baker attempted to crawl out of the Edge on the passenger side.

35. At this time, Daniel R. Rothwell was operating a 2021 International Transtar tractor hauling a trailer northbound on Interstate 81.

36. The stretch of Interstate 81 north approaching where Baker's vehicle was positioned was straight.

37. As he approached the stopped Edge, Rothwell was traveling at a high rate of speed in the left-hand passing lane.

38. Rothwell's tractor-trailer collided with the Edge, while Baker was still in the vehicle.

39. At the time of the impact, Grady and his two daughters were near the Edge and saw the tractor-trailer collide with the vehicle.

5

40. Baker was taken from the crash scene by life-flight to receive medical treatment.

41. As a result of the collision, Baker sustained significant and fatal bodily injuries.

42. On October 4, 2021, Baker succumbed to the injuries she suffered in the collision and died.

## 4. CLAIMS.

43. Paragraphs 1 through 42, *supra*, are fully incorporated herein by reference.

44. Due to the acts and omissions of Defendants Daniel R. Rothwell and La-Z-Boy Logistics, Inc., Erin Jo Baker has left individuals entitled to recover for her death an on whose behalf this action is brought. They are:

a. L.G., who is Erin Jo Baker's minor daughter, and resides at 2264 Main Street, Dewart, Pennsylvania 17730.

b. L.G., who is Erin Jo Baker's other minor daughter, and resides at 2264 Main Street, Dewart, Pennsylvania 17730.

**COUNT 1:   WRONGFUL DEATH ACTION AGAINST DEFENDANT DANIEL R. ROTHWELL (NEGLIGENCE).**

45. Paragraphs 1 through 42, *supra*, are fully incorporated herein by reference.

46. At all times relevant hereto, Defendant Daniel R. Rothwell had a duty to operate his vehicle in a safe and reasonable manner.

47. Defendant Daniel R. Rothwell breached that duty, was negligent, and caused injury by:

a. failing to maintain a proper lookout for other vehicles and conditions;

b. failing to pay attention to the vehicles and conditions in front of him;

c. failing to have his vehicle under adequate and proper control;

d. driving too fast for conditions then and there existing;

e. failing to have his vehicle under such control as to be able to stop within the assured clear distance ahead;

f. failing to stop his vehicle in time to avoid colliding with Baker's vehicle; and

g. colliding with Baker's vehicle.

48. As a direct and proximate result of the conduct set forth, the individuals entitled to recover for Erin Jo Baker's death and on whose behalf this action is brought have suffered as follows:

a. pecuniary loss;

b. the loss of the financial support provided by Erin Jo Baker;

c. the loss of Erin Jo Baker's services, society, comfort, friendship, guidance, tutelage, love, and affection;

d. incurred expenditures associated with the administration of the Estate of Erin Jo Baker; and

e. incurred unnecessary expenditures for funeral expenses.

49. Plaintiff brings this action and requests any and all damages that are recoverable pursuant to the Pennsylvania Wrongful Death Act.

**COUNT 2:   SURVIVAL ACTION AGAINST DEFENDANT DANIEL R. ROTHWELL (NEGLIGENCE).**

50. Paragraphs 1 through 42, *supra*, are fully incorporated herein by reference.

51. Plaintiff brings this action on behalf of the Estate of Erin Jo Baker under and by virtue of the Act of June 30, 1972, P.L. 500, No. 164, 2, effective July 1972, 20 Pa.C.S. § 3373.

52. At all times relevant hereto, Defendant Daniel R. Rothwell had a duty to operate his vehicle in a safe and reasonable manner.

53. Defendant Daniel R. Rothwell breached that duty, was negligent, and caused injury by:

a. failing to maintain a proper lookout for other vehicles and conditions;

8

b. failing to pay attention to the vehicles and conditions in front of him;

c. failing to have his vehicle under adequate and proper control;

d. driving too fast for conditions then and there existing;

e. failing to have his vehicle under such control as to be able to stop within the assured clear distance ahead;

f. failing to stop his vehicle in time to avoid colliding with Baker's vehicle; and

g. colliding with Baker's vehicle.

54. As a direct and proximate result of the conduct set forth, Erin Jo Baker suffered injuries and losses.

55. Plaintiff claims on behalf of said estate damages by reason of the death of Erin Jo Baker, as well as, for the pain and suffering Erin Jo Baker suffered prior to her death.

**COUNT 3:   WRONGFUL DEATH CLAIM AGAINST DEFENDANT LA-Z-BOY LOGISTICS, INC. (NEGLIGENCE).**

56. Paragraphs 1 through 42, *supra*, are fully incorporated herein by reference.

57. Upon information and belief, Daniel R. Rothwell was an employee, agent, apparent agent, servant, or officer, ostensible or otherwise, of Defendant La-Z-Boy Logistics, Inc.

58. At all times relevant hereto, Daniel R. Rothwell was acting within the course and scope of his employment/agency or apparent employment/agency with Defendant La-Z-Boy Logistics, Inc.

59. There was a holding out that Daniel R. Rothwell and Defendant La-Z-Boy Logistics, Inc. were affiliated with one another either as an employee, agent, apparent agent, servant, or officer or in a joint venture.

60. Daniel R. Rothwell was negligent and caused injury by:

      a. failing to maintain a proper lookout for other vehicles and conditions;

      b. failing to pay attention to the vehicles and conditions in front of him;

      c. failing to have his vehicle under adequate and proper control;

      d. driving too fast for conditions then and there existing;

      e. failing to have his vehicle under such control as to be able to stop within the assured clear distance ahead;

      f. failing to stop his vehicle in time to avoid colliding with Baker's vehicle; and

      g. colliding with Baker's vehicle.

61. Defendant La-Z-Boy Logistics, Inc. is vicariously liable for the actions and/or inactions of its employees/agents/servants/officers or apparent employees/agents/servants/officers, as though the actions or inactions were performed by the entity itself.

10

62. As a direct and proximate result of the conduct set forth, the individuals entitled to recover for Erin Jo Baker's death and on whose behalf this action is brought have suffered as follows:

      a. pecuniary loss;

      b. the loss of the financial support provided by Erin Jo Baker;

      c. the loss of Erin Jo Baker's services, society, comfort, friendship, guidance, tutelage, love, and affection;

      d. incurred expenditures associated with the administration of the Estate of Erin Jo Baker; and

      e. incurred unnecessary expenditures for funeral expenses.

63. Plaintiff brings this action and requests any and all damages that are recoverable pursuant to the Pennsylvania Wrongful Death Act.

**COUNT 4:    SURVIVAL ACTION AGAINST DEFENDANT LA-Z-BOY LOGISTICS, INC. (VICARIOUS LIABILITY).**

64. Paragraphs 1 though 42, *supra* are fully incorporated herein by reference.

65. Plaintiff brings this action on behalf of the Estate of Erin Jo Baker under and by virtue of the Act of June 30, 1972, P.L. 500, No. 164, 2, effective July 1972, 20 Pa.C.S. § 3373.

66. Upon information and belief, Daniel R. Rothwell was an employee, agent, apparent agent, servant, or officer, ostensible or otherwise, of Defendant La-Z-Boy Logistics, Inc.

67. At all times relevant hereto, Daniel R. Rothwell was acting within the course and scope of his employment/agency or apparent employment/agency with Defendant La-Z-Boy Logistics, Inc.

68. There was a holding out that Daniel R. Rothwell and Defendant La-Z-Boy Logistics, Inc. were affiliated with one another either as an employee, agent, apparent agent, servant, or officer or in a joint venture.

69. Daniel R. Rothwell was negligent and caused injury by;

     a. failing to maintain a proper lookout for other vehicles and conditions;

     b. failing to pay attention to the vehicles and conditions in front of him;

     c. failing to have his vehicle under adequate and proper control;

     d. driving too fast for conditions then and there existing;

     e. failing to have his vehicle under such control as to be able to stop within the assured clear distance ahead;

     f. failing to stop his vehicle in time to avoid colliding with Baker's vehicle; and

     g. colliding with Baker's vehicle.

70. Defendant La-Z-Boy Logistics, Inc. is vicariously liable for the actions and/or inactions of its employees/agents/servants/officers or apparent employees/agents/servants/officers, as though the actions or inactions were performed by the entity itself.

71. As a direct and proximate result of the conduct set forth, Erin Jo Baker suffered injuries and losses.

72. Plaintiff claims on behalf of said estate damages by reason of the death of Erin Jo Baker, as well as, for the pain and suffering Erin Jo Baker suffered prior to her death.

**COUNT 5:   NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM AGAINST DEFENDANT DANIEL R. ROTHWELL.**

73. Paragraph 1 through 42, *supra*, are fully incorporated herein by reference.

74. At all times relevant hereto, Defendant Daniel R. Rothwell had a duty to operate his vehicle in a safe and reasonable manner.

75. As set forth, *supra*, Defendant Daniel R. Rothwell breached that duty, was negligent, and caused injury.

76. As a result of Defendant Daniel R. Rothwell's negligence, the tractor-trailer he was driving collided with Baker's vehicle.

77. Plaintiff Zachary Grady witnessed the collision between Rothwell's tractor-trailer and Baker's vehicle, which caused grave bodily injuries and ultimately killed Baker.

78. As a result of witnessing the collision, Grady has suffered and will continue to suffer emotional distress, in the form of, but not limited to, depression, anxiety, and difficulty sleeping.

79. Therefore, Grady seeks to recover for the emotional distress he has and will continue to suffer.

**COUNT 6:   NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM AGAINST DEFENDANT LA-Z-BOY, LOGISTICS, INC. (VICARIOUS LIABILITY).**

80. Paragraphs 1 through 42, *supra*, are fully incorporated herein by reference.

81. Upon information and belief, Daniel R. Rothwell was an employee, agent, apparent agent, servant, or officer, ostensible or otherwise, of Defendant La-Z-Boy Logistics, Inc.

82. At all times relevant hereto, Daniel R. Rothwell was acting within the course and scope of his employment/agency or apparent employment/agency with Defendant La-Z-Boy Logistics, Inc.

83. There was a holding out that Daniel R. Rothwell and Defendant La-Z-Boy Logistics, Inc. were affiliated with one another either as an employee, agent, apparent agent, servant, or officer or in a joint venture.

84. At all times relevant hereto, Defendant Daniel R. Rothwell had a duty to operate his vehicle in a safe and reasonable manner.

85. As set forth, *supra*, Defendant Daniel R. Rothwell breached that duty, was negligent, and caused injury.

86. As a result of Defendant Daniel R. Rothwell's negligence, the tractor-trailer he was driving collided with Baker's vehicle.

87. Plaintiff Zachary Grady witnessed the collision between Rothwell's tractor-trailer and Baker's vehicle, which caused grave bodily injuries and ultimately killed Baker.

88. As a result of witnessing the collision, Grady has suffered and will continue to suffer emotional distress, in the form of, but not limited to, depression, anxiety, and difficulty sleeping.

89. Defendant La-Z-Boy Logistics, Inc. is vicariously liable for the actions and/or inactions of its employees/agents/servants/officers or apparent employees/agents/servants/officers, as though the actions or inactions were performed by the entity itself.

15

90. Therefore, Grady seeks to recover for the emotional distress he has and will continue to suffer.

**COUNT 7: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM AGAINST DANIEL R. ROTHWELL.**

91. Paragraphs 1 through 42, *supra*, are fully incorporated herein by reference.

92. At all times relevant hereto, Defendant Daniel R. Rothwell had a duty to operate his vehicle in a safe and reasonable manner.

93. As set forth, *supra*, Defendant Daniel R. Rothwell breached that duty, was negligent, and caused injury.

94. As a result of Defendant Daniel R. Rothwell's negligence, the tractor-trailer he was driving collided with Baker's vehicle.

95. L.G., Grady's and Baker's, minor daughter, witnessed the collision between Rothwell's tractor-trailer and Baker's vehicle, which caused grave bodily injuries and ultimately killed Baker.

96. As a result of witnessing the collision, L.G. has suffered and will continue to suffer emotional distress, in the form of, but not limited to, depression, anxiety, and difficulty sleeping.

97. Therefore, L.G. seeks to recover for the emotional distress she has and will continue to suffer.

**COUNT 8:**   **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM AGAINST DEFENDANT LA-Z-BOY LOGISTICS, INC. (VICARIOUS LIABILITY).**

98. Paragraphs 1 through 42, *surpa*, are fully incorporated herein by reference.

99. Upon information and belief, Daniel R. Rothwell was an employee, agent, apparent agent, servant, or officer, ostensible or otherwise, of Defendant La-Z-Boy Logistics, Inc.

100. At all times relevant hereto, Daniel R. Rothwell was acting within the course and scope of his employment/agency or apparent employment/agency with Defendant La-Z-Boy Logistics, Inc.

101. There was a holding out that Daniel R. Rothwell and Defendant La-Z-Boy Logistics, Inc. were affiliated with one another either as an employee, agent, apparent agent, servant, or officer or in a joint venture.

102. At all times relevant hereto, Defendant Daniel R. Rothwell had a duty to operate his vehicle in a safe and reasonable manner.

103. As set forth, *supra*, Defendant Daniel R. Rothwell breached that duty, was negligent, and caused injury.

104. As a result of Defendant Daniel R. Rothwell's negligence, the tractor-trailer he was driving collided with Baker's vehicle.

17

105. L.G., Grady's and Baker's minor daughter, witnessed the collision between Rothwell's tractor-trailer and Baker's vehicle, which caused grave bodily injuries and ultimately killed Baker.

106. As a result of witnessing in the collision, L.G. has suffered and will continue to suffer emotional distress, in the form of, but not limited to, depression, anxiety, and difficulty sleeping.

107. Defendant La-Z-Boy Logistics, Inc. is vicariously liable for the actions and/or inactions of its employees/agents/servants/officers or apparent employees/agents/servants/officers, as though the actions or inactions were performed by the entity itself.

108. Therefore, L.G. seeks to recover for the emotional distress she has and will continue to suffer.

## 5. DEMAND FOR TRIAL BY JURY.

109. Paragraphs 1 through 108, *supra*, are fully incorporated herein by reference.

110. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all of the respective claims and issues in this action that are triable of right by a jury.

## 6. PRAYER FOR RELIEF.

WHEREFORE, Plaintiff Zachary Grady, individually and as the administrator of the Estate of Erin Jo Baker, and Plaintiff L.G., a minor, by Zachary Grady, parent and guardian, prays that this Honorable Court enter judgment in their favor and against Defendants Daniel R. Rothwell and La-Z-Boy Logistics, Inc. on all respective claims and that the following relief be granted:

(1) an award to compensate the wrongful death beneficiaries for the pecuniary loss they have suffered, to include the loss of the financial support provided by Erin Jo Baker and the loss of Erin Jo Baker's services, comfort, friendship, guidance, tutelage, love, and affection;

(2) an award to compensate for the expenditures associated with the administration of the Estate of Erin Jo Baker;

(3) an award to compensate for the expenditures for funeral expenses;

(4) an award to compensate the Estate of Erin Jo Baker for the loss of Erin Jo Baker's earning power;

(5) an award to compensate for Erin Jo Baker's pain and suffering

(6) an award to compensate Plaintiff Zachary Grady for past, present, and future emotional distress;

(7) an award to compensate Plaintiff L.G. for past, present, and future emotional distress;

(8) an award of punitive damages;

(9) an award of pre-judgment interest;

(10) an award of post-judgment interest;

(11) an award of attorney's fees and the costs of litigation; and

(12) such other relief as may be deemed just, equitable, and permitted.

Respectfully submitted:

THE WAFFENSCHMIDT LAW FIRM, LLC

Thomas Waffenschmidt, Esquire
PA ID# 59214
Attorney for Plaintiffs
811 S. Market Street
South Williamsport, PA 17702
Tel: (570) 505-3015
Fax: (570) 505-3569
Email: tom@waffenlaw.com

20