IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARY GRADY, individually and as the administrator of the Estate of ERIN JO BAKER, and L.G., a minor, by ZACHARY GRADY, parent and guardian, <br><br> Plaintiffs, <br><br> v. <br><br> DANIEL R. ROTHWELL and LA-Z-BOY LOGISTICS, INC., <br><br> Defendants. | No. 4:22-CV-00428 <br><br> (Chief Judge Brann) |

## MEMORANDUM OPINION

### NOVEMBER 8, 2022

Plaintiff Zachary Grady, as the administrator of the estate of his fiancé, Erin Jo Baker, and as his daughters' legal guardian brings wrongful death and survival actions against Defendants Daniel R. Rothwell and La-Z-Boy Logistics, Inc. His claims are related to an automobile accident in Virginia that caused Baker's death. Baker's Mother, Joan Blackwell, has also moved to intervene in this matter, as she has filed a similar complaint in the Virginia courts. Defendants and Blackwell separately move to dismiss Grady's Complaint. For the following reasons, Defendants' motion will be granted.

## I.       BACKGROUND

### A.       Facts

On October 4, 2021, Erin Jo Baker was driving her car in Rockbridge County, Virginia, with Grady and her two minor children as passengers.[1] She was involved in a car accident, causing her vehicle to come to a stop in the lefthand lane.[2] Before she could leave the vehicle, a tractor-trailer driven by Defendant Daniel Rothwell struck her vehicle, killing her.[3] At the time, Rothwell was driving a truck for Defendant La-Z-Boy Logistics, Inc.[4]

### B.       Procedural History

Defendants move to dismiss Grady's Complaint on several grounds, including the absence of personal jurisdiction over Defendants. Baker's mother, Joan Blackwell, moves to intervene in this litigation, and has also moved to dismiss Grady's Complaint.[5] Blackwell explains that she was appointed as the administrator of Baker's estate for the limited purpose of bringing a personal injury action on Baker's behalf.[6] All motions are ripe for disposition.

---

[1] Compl., Doc. 1 ¶¶ 21-23.
[2] *Id.* ¶ 24.
[3] *Id.* ¶¶ 35-42.
[4] *Id.* ¶ 14-16.
[5] Doc. 4.
[6] *Id.* ¶ 1.

## II.    DISCUSSION

### A.    Motion to Dismiss for Lack of Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to dismiss a case for lack of personal jurisdiction. "When a defendant challenges the court's personal jurisdiction, the plaintiff bears the burden 'to come forward with sufficient facts to establish that jurisdiction is proper.'"[7] Accordingly, once the defense is raised, a plaintiff must establish "jurisdictional facts through sworn affidavits or other competent evidence."[8] And "at no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion" to dismiss.[9]

The plaintiff's burden to establish personal jurisdiction is reduced, however, where a district court, when presented with a motion to dismiss under Rule 12(b)(2), does not hold an evidentiary hearing. In such circumstances, the plaintiff "need only establish a prima facie case of personal jurisdiction."[10] Moreover, before an evidentiary hearing, "[i]t is well established that in deciding a motion to dismiss for lack of jurisdiction, a court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff."[11]

---

[7]   *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020) (quoting *Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)).
[8]   *Clarity Sports Int'l LLC v. Redland Sports*, 400 F. Supp. 3d 161, 169 (M.D. Pa. 2019) (Kane, J.) (internal quotation marks omitted) (quoting *Time Share Vacation Club v. Atl. Resorts*, 735 F.2d 61, 66 n.9 (3d Cir. 1984)).
[9]   *Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 604 (3d Cir. 1990) (citation omitted).
[10]  *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).
[11]  *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (alteration in original) (internal quotation marks and citations omitted).

"A federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state."[12] Pennsylvania's long-arm statute allows courts to exercise personal jurisdiction over non-residents "to the fullest extent allowed under the Constitution of the United States."[13] The proper question before the Court is therefore whether exercising jurisdiction over the parties would comply with the constitutional requirements of due process.

To satisfy due process, a court must establish that a defendant has sufficient "minimum contacts" with the state in which the court sits "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice."[14] "Minimum contacts can be analyzed in the context of general jurisdiction or specific jurisdiction."[15]

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them

---

[12] *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (internal quotation marks omitted) (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 436 (3d Cir. 1987)).

[13] 42 Pa. C.S.A. § 5322(b).

[14] *Baker v. LivaNova PLC*, 210 F. Supp. 3d 642, 647 (M.D. Pa. 2016) (Jones, J.) (internal quotation marks omitted) (quoting *Int'l Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945)).

[15] *Metcalfe*, 566 F.3d at 334.

essentially at home in the forum State."[16] For corporate entities, "[t]he paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business."[17]

But "in an exceptional case," "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State."[18] Indeed, "it is 'incredibly difficult to establish general jurisdiction [over a corporation] in a forum other than the place of incorporation or principal place of business.'"[19]

### B. Application

Grady acknowledges that Rothwell does not reside in Pennsylvania and that La-Z-Boy is not incorporated in nor keeps its principal place of business in Pennsylvania.[20] He simply avers that La-Z-Boy "conducts business throughout the United States, including the Commonwealth of Pennsylvania" and that Rothwell is

---

[16] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citation omitted); *Hammons v. Ethicon, Inc.*, 240 A.3d 537, 555 (Pa. 2020) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 138 (2014)).

[17] *Daimler*, 571 U.S. at 118.

[18] *Id.* n.19; *see Mendel v. Williams*, 53 A.3d 810, 817 (Pa. Super. 2012) (quoting *Goodyear*, 564 U.S. at 919).

[19] *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 223 (3d Cir. 2016) (quoting *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014)); *see also BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017) (holding that Montana court did not have general jurisdiction even though defendant-corporation had "over 2,000 miles of railroad track and more than 2,000 employees in Montana").

[20] *See* Compl., Doc. 1 ¶ 10-13.

employed by La-Z-Boy.[21] He seeks jurisdictional discovery to determine whether general jurisdiction is appropriate.

But the mere fact that a corporation does business in Pennsylvania is insufficient to establish a *prima facie* case of general jurisdiction.[22] The Complaint contains no allegations that even suggest La-Z-Boy has locations, employees, or otherwise has any presence in Pennsylvania.[23] Even if it did contain such allegations, Grady fails to support his Complaint with any "actual proofs," as is required once a part moves for dismissal under Rule 12(b)(2).[24] In any event, it is well-settled that a corporation can "conduct business" in a state without having the physical or commercial presence that would subject it to a state's general jurisdiction.[25]

Grady does not appear to assert specific personal jurisdiction over either Defendant. Nor could he. Title 42 Pa. C.S.A. § 5332(c), Pennsylvania's long-arm

---

[21] *Id.* 1 ¶ 12.
[22] *See Goodyear*, 564 U.S. at 927-28 (noting that the "textbook case" of general jurisdiction is *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952), in which "[t]he corporation's president maintained his office [in Ohio], kept the company files in that office, and supervised from the Ohio office the . . . activities of the company" (internal quotation marks omitted).
[23] *See Mendel*, 53 A.3d at 818 ("For instance, the purchasing of products from the forum State, entering into a limited number of contracts in the forum State and allowing a third party to use a corporate logo in the forum State have each been held to fall short of the 'continuous and systematic' type of business activity necessary to establish general jurisdiction." (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 (1984))).
[24] *Patterson*, 893 F.2d at 604 (citation omitted).
[25] The Court understands and appreciates the difficulty a plaintiff faces in responding to a motion to dismiss for lack of personal jurisdiction before any discovery has taken place. But a simple Google search reveals over a dozen La-Z-Boy locations in Pennsylvania. The Court does not suggest that a dozen-or-so locations is sufficient to invoke general jurisdiction, nor does it suggest that Defendant La-Z-Boy owns those locations, as they may be owned by a different entity in the overarching corporate structure. But simply averring that a corporation does business in the state is an insufficient argument.

statute, provides that "[w]hen jurisdiction over a person is based solely upon this section, only a cause of action or other matter arising from acts enumerated in subsection (a), or from acts forming the basis of jurisdiction under subsection (b), may be asserted against him." As the facts underlying Grady's claim involve an automobile accident in Virginia, the Court finds it difficult to understand how his claim could arise out of Defendants' contacts with Pennsylvania. Moreover, the Complaint does not identify any such contacts, so specific jurisdiction is inappropriate.

Therefore, the Court will grant Defendants' Motion to Dismiss. Consequently, the Court concludes that Blackwell's motions are moot.

## III.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted and Blackwell's Motion to Intervene and Motion to Dismiss are denied as moot.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge